FARWELL *v.* SEEBERGER, Collector.

*(Circuit Court, N. D. Illinois.* July 18, 1889.)

CUSTOMS DUTIES—CLASSIFICATION—WOOLEN DRESS-GOODS.
Women's and children's dress-goods, which contain no cotton, except about 6 per cent., carded into the wool from which the warp is spun, come within the description of goods composed in part of wool, and are dutiable at 5 cents per square yard, and 35 per cent. *ad valorem,* under Act Cong. March 3, 1883, (Heyl's Arrangement, cl. 365, pars. *a, b,*) though the cotton was used for the purpose of securing a lower classification.

At Law.
Action by John V. Farwell against Anthony F. Seeberger, collector of customs, to recover excessive duty alleged to have been levied on certain goods.
*Shuman & Defrees,* for plaintiff.
*W. G. Ewing,* U. S. Atty., and *G. H. Harris,* Asst. U. S. Atty., for defendant.

BLODGETT, J. Plaintiff imported a quantity of women's and children's dress-goods, composed mainly of wool, and weighing less than 4 ounces to the square yard, upon which the collector imposed a duty of 9 cents per square yard, and 40 per centum *ad valorem,* under paragraph *e,* clause 365, Heyl's Arrangement of the act of March 3, 1883. The plaintiff, insisting that said goods were composed in part of wool and part cotton, and dutiable, under paragraphs *a* and *b* of said clause 365, at 5 cents per square yard, and 35 per centum *ad valorem,* paid said duties under protest, appealed to the secretary of the treasury, by whom the action of the collector was affirmed, and brought this suit in apt time to recover the excess of duties so paid. The proof shows that the goods in question are women's and children's dress-goods; that they are composed mainly of wool; that there is about 6 per cent. of cotton carded into the wool from which the warp of said goods is spun; and that there is no cotton in the filling of the goods. The proof also shows that this mixture of cotton in the warp of the goods was made purposely to secure the classification of the goods as composed in part only of wool. There is proof in the case also tending to show that the mixture of the cotton with the wool in the warp adds to the strength and firmness of the goods, and makes them less liable to shrink; but my conclusion is that one of the

witnesses for the plaintiff honestly and frankly stated the facts in the case when he said, from the witness stand, "that he understood the object of mixing the cotton with the wool was to secure a lower classification for the purpose of assessment for duties." The goods contain no separate threads composed entirely of cotton, or other material than wool, but all the cotton in the goods is carded into and made a part of the yarns composing the warp. The collector, in classifying the goods, evidently assumed that the purpose of mixing the cotton with the wool was to secure a lower classification, and assumed also that so small a quantity of cotton would not materially change the character of the goods as merchandise, when offered for sale to consumers, and therefore looked upon the contention of the plaintiff for a lower classification as an attempt to defraud the revenue, and accordingly imposed the higher duty, under paragraph e of the same clause of the customs act. Congress having made special provision for a lower rate of duty upon goods, when composed in part of wool, without naming how much of other material should enter into their composition in order to secure such lower rate of duty, I am of opinion that manufacturers and importers have the right to adjust themselves to this clause of the tariff, and to manufacture these goods mainly of wool with only a small percentage of cotton, for the purpose of bringing them specifically within paragraphs a and b of clause 365, and making them dutiable at the low rate contended for. The policy which dictated the revision of the tariff laws by the act of March 3, 1883, was evidently to secure a reduction of duty upon many articles, and to that end this clause was adopted specifically, making low-priced goods, composed only in part of wool, dutiable at a lower rate. The court has nothing to do with the policy of congress further than to construe their acts, as far as possible, according to the intention of the legislators, as it can be gathered from the law itself; and it seems very clear to me that the purpose in enacting this provision was to admit certain grades of woolen goods, with any mixture of material which should cheapen them, at a lower and reduced rate of duty. The proof shows that the goods in question contain so small an amount of cotton that the ordinary dealer in them and the ordinary examiner would not detect the cotton without a close and careful examination, but I do not see that this changes the legal right of the plaintiff to bring his goods within the operation of the clause invoked by the admixture of even a small percentage of cotton, if he can do so; and I cannot see why goods made of 94 per cent. in bulk of wool and 6 per cent. in bulk of cotton do not fairly come within the description of goods composed in part of wool. I am therefore of opinion that the collector should have classed these goods at the rate of duty contended for in the protest.